## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Fourte, | ) | C/A No. 3:18-2212-JMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **(EXPEDITED)** |
| | ) | |
| Richard V. Spencer, *in his official capacity as* | ) | |
| *Secretary of the Navy and his successors in* | ) | |
| *office,* | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Michael Fourte, a self-represented reserve officer of the United States Navy, filed this action in the United States District Court for the District of Columbia. This matter is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation following the order of the Honorable Beryl A. Howell, Chief United States District Judge for the District of the District of Columbia.[1] Chief Judge Howell's order construed the instant matter as a petition for a writ of habeas corpus and transferred it to the District of South Carolina because Petitioner's immediate custodian is the commander of Fort Jackson, which is located in Columbia, South Carolina.[2] (Order, ECF No. 5); see Rooney v. Sec'y of Army, 405 F.3d 1029, 1031 (D.C. Cir. 2005) (finding that a plaintiff who essentially sought

---

[1] The court incorporates the background facts as described in Chief Judge Howell's order. (Order at 2-3, ECF No. 5 at 2-3.)

[2] As stated by Chief Judge Howell, Petitioner's immediate custodian for purposes of a habeas corpus petition is the proper respondent, which in this case is Petitioner's "commanding officer at Fort Jackson." (Order at 4, ECF No. 5 at 4) (citing Rooney, 405 F.3d at 1032); see also Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the [person] is being held[.]").

PJG

a declaration that "orders calling him to active duty are invalid and of no force or effect" was seeking a federal writ of habeas corpus under 28 U.S.C. § 2241); see also Parisi v. Davidson, 405 U.S. 34, 39 (1972) ("[T]he writ of habeas corpus has long been recognized as the appropriate remedy for servicemen who claim to be unlawfully retained in the armed forces."). Petitioner seeks relief from an order deploying him to Djibouti in Africa. According to Petitioner, his deployment is invalid because the Navy did not properly issue a waiver required by the Navy's Chief of Naval Operations Instruction 1001.27. Petitioner's deployment to Africa is scheduled for Tuesday, August 14, 2018.[3]

The court recommends dismissing this action. Even assuming substitution of parties and service of process could be properly effected, other threshold issues of justiciability and exhaustion of administrative remedies preclude the court from considering the merits of the petition. As argued by the Government, although Petitioner describes his claim as one challenging the procedures followed in issuing his waiver, Petitioner actually challenges the correctness of the Navy's conclusions leading to the waiver and deployment order rather than the decision making process. (See Mem. Opp'n at 8-12 & n.2, ECF No. 4 at 13-17.) Review of such a determination would unduly interfere with military matters Congress has left exclusively to the discretion of the Navy. See Williams v. Wilson, 762 F.2d 357, 359 (4th Cir. 1985). In Williams, the Fourth Circuit described the limited circumstances in which civilian courts may review particular actions of military authorities, holding such judicial review to be inappropriate in the absence of (1) "an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of

---

[3] Accordingly, the court is constrained to hastily issue an expedited decision on a weekend regarding the instant petition.

applicable statutes or its own regulations," and (2) "exhaustion of available intraservice corrective measures." Id.

Here, for the reasons argued by the Government in its memorandum in opposition to Petitioner's requested relief, it appears the Navy's action that is challenged by Petitioner is one that is not reviewable by the judicial branch. See, e.g., Orloff v. Willoughby, 345 U.S. 83, 94 (1953) ("Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate [military] matters as the [military] must be scrupulous not to intervene in judicial matters."); see also Chappell v. Wallace, 462 U.S. 296, 300 (1983) (stating that "[c]ivilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment"); Rostker v. Goldberg, 453 U.S. 57, 64-65 (1981) ("The case arises in the context of Congress' authority over national defense and military affairs, and perhaps in no other area has the Court accorded Congress greater deference."); Piersall v. Winter, 435 F.3d 319, 322 (D.C. Cir. 2006) (allowing judicial review of decisions of boards for correction of military records but cautioning that judicial review is inappropriate where it would significantly interfere with military matters); Smith v. Resor, 406 F.2d 141 (2d Cir. 1969) (declining to review the merits of a captain's decision that the petitioner must cut his hair to get credit for attendance at drills but acknowledging that judicial review may be had when the Army lays down its own procedures and regulations); Hammond v. Lenfest, 398 F.2d 718 (8th Cir. 1968) (holding that a federal court may properly examine the decision to call a reservist for active duty to determine if the reservist's procedural rights under the applicable statutes and military procedures and regulations were violated in a manner which caused substantial prejudice to the

PJG

reservist because such review did not unduly interfere with the proper and efficient operation of the military forces, since it required only that the Army carry out the procedures and regulations it created itself); <u>Kudley v. Hollo</u>, 431 F. Supp. 470, 472 (N.D. Ohio 1976) (granting a temporary restraining order because the petitioner alleged that the Army failed to follow its own regulations in issuing the order to involuntarily activate him).   Here, Petitioner simply believes the Navy's conclusion was erroneous, which is not reviewable by the courts.[4]  (<u>See</u> Mot. at 12, ECF No. 2 at 12) (asserting that "even a new waiver, correctly drafted, done now, again after-the-fact, could still *never* justify why plaintiff is the 'only qualified candidate' to fill such a generic requirement").

Moreover, it appears that Petitioner has not exhausted his available remedies as required under 28 U.S.C. § 2241, as he has a pending action challenging his deployment via a formal Complaint of Wrongs under Article 1150 of the Navy Regulations.[5]  <u>See</u> <u>Williams</u>, 762 F.2d at 359; <u>Cole v. Spear</u>, 747 F.2d 217, 220 (4th Cir. 1974) (holding that the district court should have declined to exercise jurisdiction over a petition by a member of the armed services seeking discharge as a conscientious objector because her application for separation had been neither granted nor denied).

Based on the foregoing, the court therefore recommends that the petition for a writ of habeas corpus be dismissed.  Due to Petitioner's imminent deployment which would moot the petition and divest this court of jurisdiction, the court hereby shortens Petitioner's time to file objections to this

---

[4] Even if the decision were reviewable by the courts, Petitioner has presented no evidence refuting the Navy's showing that he was properly selected for this active duty assignment.  (<u>See</u> Packard Decl., ECF No. 4-5.)  Thus, he cannot make a clear showing of a likelihood of success on the merits, and an injunction against his deployment would not be warranted.  <u>See</u> <u>Winter v. Nat'l Res. Defense Council, Inc.</u>, 555 U.S. 7, 20-23 (2008).

[5] Notably, the respondent contends that Petitioner could have used a different procedure to challenge his deployment, and that Petitioner elected not to pursue that remedy.  (<u>See</u> Mem. Opp'n at 5, ECF No. 4 at 10; <u>see also</u> Packard Decl. ¶ 9, ECF No. 4-5 at 5.)



Report and Recommendation.  Any objections must be filed by **10:00 a.m. on Monday, August 13,**

**2018**.  The Assistant U.S. Attorney who entered a notice of appearance in this case after it was

transferred to this district is directed to make every reasonable effort to provide a copy of the instant

Report and Recommendation to Petitioner at his location on Fort Jackson and email a copy to

Petitioner at the address listed in the Complaint as expeditiously as possible so that he may file any

objections by the deadline imposed herein, and file a certification of her efforts by **August 13, 2018**

**at 10:00 a.m.**

August 12, 2018                                              Paige J. Gossett
Columbia, South Carolina                            UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed by **10:00 a.m. on Monday, August 13, 2018**.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).