# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Michael Fourte, | ) |
| | ) |
| Plaintiff, | )  Civil Action No.: 3:18-cv-02212-JMC |
| | ) |
| v. | )  **ORDER AND OPINION** |
| | ) |
| Richard V. Spencer, *in his official capacity* | ) |
| *as Secretary of the Navy and his successors* | ) |
| *in office*, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the court upon Plaintiff Michael Fourte's ("Plaintiff") Motion for Preliminary Injunction. (ECF No. 2.) On August 12, 2018, Magistrate Judge Paige J. Gossett ("Magistrate Judge") issued an expedited Report and Recommendation ("Report") advising the court to dismiss Plaintiff's action. (ECF No. 8.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8), **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 2), and **DISMISSES** Plaintiff's action without prejudice (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a member of the United States Navy Reserves and faces imminent deployment to Djibouti, a country in Africa. (ECF No. 5 at 1; ECF No. 8 at 3.) On May 31, 2018, while Plaintiff was stationed at the Washington Navy Yard in Washington, D.C., he "was ordered to active duty for an assignment in Africa." (ECF No. 2-1.) Subsequently, on June 5, 2018, Plaintiff "contacted the Judge Advocate General for Region Mid-Atlantic Reserve Component [C]ommand and informed him that the defendant . . . needed a waiver and justification in order to mobilize" him.[1]

---

[1] Under OPNAV Instruction 1001.27, a reservist with over sixteen years of active duty service may only be deployed if a waiver is sought for that reservist. (ECF No. 4-3 at 1-5.) The parties

1

*Id.* On June 6, 2018, Plaintiff was informed that a waiver would be sought for his deployment. *Id.* On June 11, 2018, Plaintiff wrote a letter to his chain-of-command explaining that he felt targeted for the deployment and that there was no justification for a waiver. (ECF No. 5 at 2.) On June 15, 2018, Plaintiff learned that a wavier was approved, and he received a copy of the waiver on June 25, 2018. (ECF No. 2 at 2.) Plaintiff mobilized on July 20, 2018, and is currently stationed at Fort Jackson in Columbia, South Carolina. (ECF No. 5 at 2.)

On August 7, 2018, Plaintiff, proceeding *pro se*, filed the instant action against Richard V. Spencer, Secretary of the Navy, ("Defendant") [2] in the United States District Court for the District of Columbia. (ECF No. 1 at 1.) Plaintiff brought suit pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, seeking a declaration of his mobilization as unlawful. (ECF No. 1 at 5.) On that same day, Plaintiff filed his Motion for Preliminary Injunction requesting the court to "preliminarily enjoin the Navy from enforcing the challenged mobilization orders until a final hearing on the merits." (ECF No. 2 at 1.) The Government filed a Memorandum in Opposition to the Motion for Preliminary Injunction, arguing that Plaintiff failed to show the necessary elements for a preliminary injunction. (ECF No. 4 at 7-2.) The United States District Court for the District of Columbia construed Plaintiff's complaint as a writ of habeas corpus and transferred the action to this court. (ECF No. 5 at 3-6.)

On August 12, 2018, acting pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina, the Magistrate Judge issued a Report. (ECF No. 8 at 1.) The Magistrate Judge recommended that the court dismiss Plaintiff's action because it is

---

agree that Plaintiff possessed over sixteen years of active duty service and that a waiver is required for his deployment. (ECF No. 2-1 at 1.)

[2] Plaintiff sued Defendant in his official capacity and "all those offices subordinate[,] including the Navy Personnel Command and/or Office of the Chief of Naval Operations code N13 . . . ." (ECF No. 1 at 1.)

not justiciable, and Plaintiff's administrative remedies have not been exhausted. *Id.* at 2. The Report was expedited because Plaintiff is subject to deployment on Tuesday, August, 14, 2018. *Id.* Pursuant to the Magistrate Judge's Report, Plaintiff had until 10:00 a.m. on Monday, August 13, 2018, to file an Objection to the Report. *Id.* at 5. Plaintiff timely filed an Objection to the Report. (ECF No. 11.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge only makes a recommendation to the court, and it has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

"Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate [military] matters as the [military] must be scrupulous not to intervene in judicial matters." *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953). The Magistrate Judge appropriately observed that the judicial branch may not usually intervene in military affairs unless certain circumstances are present in order to make a claim justiciable. (ECF No. 8 at 3-6.) Generally, a civilian court is not permitted to review an internal military decision unless a service member

demonstrates the following: (1) "an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations," and (2) an "exhaustion of available intraservice corrective measures." *Williams v. Wilson*, 762 F.2d 357, 359 (4th Cir. 1985) (quoting *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971)). Both prongs must be met in order for a civilian court to hear a claim involving an internal military decision. *Id.* at 360. If either prong is not met, then the claim is a "nonjusticable military controversy" and cannot be heard by a civilian court.[3] *Id.* Thus, "a failure to exhaust intraservice administrative remedies makes a federal claim a 'nonjusticable military controversy.'" *See Robbins v. United States*, 752 F. Supp. 201, 201 (D.S.C. 1990) (quoting *Williams*, 762 F.2d at 360). In the event that a claim is a "nonjusticiable military controversy," the claim must be dismissed without prejudice. *See Williams*, 762 F.2d at 360.

First, based upon a careful review of the record, Plaintiff has not sufficiently alleged that the military violated its own regulations or the APA and therefore fails the first prong of the *Williams* test. Plaintiff argues that Defendant "hastily prepared a waiver" that failed to conform to internal procedures because it omitted key details and facts. (ECF No. 1 at 3.) Plaintiff also alleges that the "waiver provided no justification" for the reason Plaintiff was the "only qualified candidate" to fill the position at issue. *Id.* With regard to the Navy's compliance with its own internal procedures, the material inquiry is whether a waiver was sought and approved, which happened in the instant case. (ECF No. 2 at 2; ECF No. 4-3 at 2.) The Navy pursued a waiver when

---

[3] In the instant case, the court declines to consider the elements of a preliminary injunction in its order because the elements of the *Williams* test, which determines whether a civilian court may review a military decision, must be met as a threshold matter. *See Williams*, 762 F.2d at 359. Here, Plaintiff does not meet all of the elements of the *Williams* test, so the court declines to consider the substantive elements of a preliminary injunction because it is precluded from doing so. *Id.*

it learned that Plaintiff was approaching an excess of sixteen years of active duty. (ECF No. 2-1 at 1.) In regard to Plaintiff's qualifications, there is evidence suggesting that Plaintiff was the "first fully-qualified [s]ailor" under the methodology for mobilization selection. (ECF No. 4-5 at 1-5.) Notably, Plaintiff contends that the waiver was prohibited from moving forward because his signature was never obtained in order to verify his length of active duty service. (ECF No. 11 at 8.) However, even though Defendant has failed to show Plaintiff's signature, which is required in order to initiate the process for a valid waiver, Plaintiff still bears the burden of showing that the signature was not obtained.[4] (ECF No. 4-3 at 4.) Without additional evidence, Plaintiff's "allegations are conclusory and [are] not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009). Accordingly, an examination of the record fails to expressly show a violation of the Navy's own regulation.

Furthermore, the APA does not apply when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). As stated by the Supreme Court, the APA is inapplicable under 5 U.S.C. § 701(a) when a "statute is drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The APA is also inapplicable when a "statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Congress has authorized the Navy to order a military reservist "to active duty" "without [his] consent." *See* 10 U.S.C. § 12302(a). Congress has also provided that certain members are given special consideration when making active duty determinations. 10 U.S.C. § 12302(b). Based upon a plain reading of the statute, the Navy has broad discretion to order a

---

[4] Plaintiff has not provided any documents to the court related to the waiver, including the actual form for the waiver.

military reservist to active duty, even without the reservist's consent. *Id.* § 12302(a). Therefore, there is no law for the court to apply because there are "no legal norms pursuant to which to evaluate the challenged action . . . ." *Drake v. FAA*, 291 F.3d 59, 70 (D.D.C. 2002). Accordingly, contrary to Plaintiff's request for the court to set aside the Navy's action as unlawful (ECF No. 11 at 4), it is unnecessary for the court to consider the request. 5 U.S.C. § 706(2)(A). Given that there is no law to apply, the procedures under the APA are not triggered.

Second, even if Plaintiff has appropriately alleged that the military violated a statute or its own regulations, Plaintiff's claim is still not justiciable because he failed to exhaust his intraservice remedies, which is required by the second prong of *Williams*. (ECF No. 8 at 4.) Plaintiff only has a justiciable claim if he has pursued all of his administrative remedies within the military. *See Williams*, 762 F.2d at 360. Here, Plaintiff clearly has not met that requirement because, as noted by the Magistrate Judge, he has a pending action under Article 1150 of the Navy Regulations. (ECF No. 2-1 at 7; ECF No. 8 at 4.) As noted by Plaintiff, the intraservice remedy is not yet complete. (ECF No. 2-1 at 7.) Additionally, Plaintiff failed to utilize an opportunity to present any personal issues with the deployment, if there are any, to the Special Cases Board. (ECF No. 4-5 at 4.) Within his Objection, Plaintiff argues that "the DC Circuit has held that exhaustion is not required." (ECF No. 11 at 5.) However, this court is bound by precedent from the Fourth Circuit,[5] which specifically requires the exhaustion of intraservice administrative remedies before a suit is heard in a civilian court. *See Williams*, 762 F.2d at 360. Thus, the court must "hesitate" before "entertaining a suit which asks the court to tamper with the established relationship between

---

[5] "Coherent and consistent adjudication requires respect for the principle of stare decisis and the basic rule that the decision of a federal circuit court of appeals left undisturbed by United States Supreme Court review is controlling on the lower courts within the circuit." *See Condon v. Haley*, 21 F. Supp. 3d 572, 587 (D.S.C. 2014).

enlisted military personnel and their superior officers . . . ." *Chappell v. Wallace*, 462 U.S. 296, 300 (1983). For these reasons, the court agrees with the Magistrate Judge that the exhaustion requirement has not been met.

## IV. CONCLUSION

After careful consideration of Plaintiff's arguments, and for the reasons set forth above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**, and the action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 13, 2018
Columbia, South Carolina