# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Michael Fourte, | ) |
|           Plaintiff, | ) Civil Action No.: 3:18-cv-02212-JMC |
| v. | ) **ORDER AND OPINION** |
| Richard V. Spencer, *in his official capacity as Secretary of the Navy and his successors in office*, | ) |
|           Defendant. | ) |

This matter is before the court upon Plaintiff Michael Fourte's ("Plaintiff") Motion for Reconsideration.[1] (ECF No. 16.) Plaintiff seeks review of the court's August 13, 2018 Order accepting the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett ("Magistrate Judge"), denying his Motion for Preliminary Injunction, and dismissing the Petition for Writ of Habeas Corpus ("Petition") without prejudice. (ECF No. 12.) For the reasons stated herein, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 16).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its August Order. (ECF No. 12 at 1-3.) In addition to those facts, Plaintiff advised the court, on August 14, 2018, that the Navy granted a "slight delay" for his deployment to Djibouti until this matter is resolved. (ECF No. at 2.)

---

[1] Plaintiff's Motion does not cite to a specific rule under the Federal Rules of Civil Procedure, but the Motion does state that "Plaintiff moves for reconsideration." (ECF No. 16 at 1.) Additionally, the title states "Motion For Reconsideration." (*Id.*) As such, the court will liberally construe Plaintiff's Motion as only arising under Rule 59(e). *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Moreover, even if Plaintiff sought to invoke Rule 60(b) with Rule 59(e), the court is limited to only analyzing the Motion under Rule 59(e). *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).

Procedurally, on August 12, 2018, acting pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina, the Magistrate Judge issued a Report. (ECF No. 8 at 1.) The Magistrate Judge recommended that the court dismiss Plaintiff's action because it is not justiciable, and Plaintiff had not exhausted his administrative remedies. (*Id.* at 2.) The Report was expedited because Plaintiff was subject to deployment on Tuesday, August, 14, 2018. (*Id.*) Pursuant to the Magistrate Judge's Report, Plaintiff had until 10:00 a.m. on Monday, August 13, 2018, to file an Objection to the Report. (*Id.* at 5.) Plaintiff timely filed an Objection to the Report. (ECF No. 11.) On August 13, 2018, the court accepted the Report, denied Plaintiff's Motion for Preliminary Injunction, and dismissed the Petition without prejudice. (ECF No. 12 at 7.) On August 14, 2018, Plaintiff filed a Motion for Reconsideration (ECF No. 16). On August 17, 2018, the Government filed a Response in Opposition to Plaintiff's Motion for Reconsideration and argued that Plaintiff failed to identify an intervening change in the controlling law, new evidence, or a clear error of law. (ECF No. 20 at 2.) Plaintiff filed a Reply to the Government's Response on August 20, 2018. (ECF No. 21.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson*, 599 F.3d at 407 (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Furthermore, "reconsideration of a judgment after its entry is an

extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

Lastly, the court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon*, 574 F.2d at 1151; *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

### III. DISCUSSION

The court construes Plaintiff's Motion only under Rule 59(e) and analyzes it under the above legal standards. *Robinson*, 599 F.3d at 412 (holding that a district court should only analyze a motion under Rule 59(e) when that motion is filed under both Rule 59(e) and Rule 60(b)). In Plaintiff's Motion, there is not a suggestion about an intervening change in the controlling law. (ECF No. 16 at 1-4.) Nor does Plaintiff's Motion allege that there is new evidence that was not previously available. (*Id.*) Thus, Plaintiff's Motion may only be granted in the event that there is "a clear error of law or manifest injustice." *Robinson*, 599 F.3d. at 407.

First, in Plaintiff's Motion, he urges the court to reconsider the Government's "non-compliant waiver" and argues that he has shown that the waiver is invalid because his signature was not obtained to formalize the waiver. (ECF No. 16 at 1.) According to Plaintiff's Motion, this alleged error was a "manifest injustice." (*Id.*) The court has again reviewed the waiver for active-duty service. Under OPNAV Instruction 1001.27, prior to requesting a waiver, a service member must sign a NAVPERS 1070, which verifies the accuracy of a member's cumulative service. (ECF No. 4-3 at 4.) In Plaintiff's Motion, he clarifies that the "waiver request letter" fails to include a NAVPERS 1070 with his signature. (ECF No. 16 at 1.) Upon reviewing the "waiver request letter," it appears that there is not an enclosed NAVPERS 1070, a required document under OPNAV

3

1001.27 and the seminal document at issue in this case. (ECF No. 1-1 at 1; ECF No. 4-3 at 16.) Neither party provided the court with a NAVPERS 1070.[2] On the one hand, this suggests that Plaintiff has alleged a regulatory violation for purposes of the *Williams* test,[3] but the Government disagrees because the military is able to "relax or modify its procedural rules" when those rules do not confer procedural benefits and when the claimant is not prejudiced (ECF No. 20 at 2 (citing *Am. Farm Lines v. Black Ball Freight Srvs.*, 397 U.S. 532, 539 (1970).) Regardless of whether there is a violation, the second prong of the *Williams* test is not met because Plaintiff has not exhausted his intraservice remedies, which remain pending. (ECF No. 2-1 at 7; ECF No. 4 at 10.) As such, the court stands by the ruling in its August Order that Plaintiff failed to exhaust his administrative remedies (ECF No. 16 at 6-7), and therefore has no duty to reconsider under Rule 59(e).

Secondly, Plaintiff continues to maintain that he has exhausted all intraservice remedies.[4] (ECF No. 16 at 2.) In a civil action involving the military, a claim is not exhausted when a service member has an intraservice remedy that is pending. *See Wilt v. Gilmore*, 62 F. App'x 484, 487-88 (4th Cir. 2003) (holding that the *Williams* exhaustion requirement was not met when a claimant had a pending action before the Army Board for Correction of Military Records). As noted in the

---

[2] In its August Order, the court included the NAVPERS 1070 in the use of the general term "waiver." Here, the court refers to it more specifically.

[3] Pursuant to *Williams v. Wilson*, the court's August Order used the following analysis when evaluating Plaintiff's claim: (1) whether Plaintiff alleged the deprivation of a constitutional right, statute, or regulation; and (2) whether Plaintiff exhausted intraservice remedies. 762 F.2d 357, 359 (4th Cir. 1985) (citations omitted). Even if Plaintiff satisfies the first prong of *Williams*, he must still satisfy the second prong and has failed to do so in the instant case. (ECF No. 12 at 6-7.)

[4] Among other new arguments, Plaintiff urges the court to consider law from the District of Columbia. (ECF No. 21 at 2.) However, the court will decline to consider these new arguments because Plaintiff's Motion is not an opportunity to "raise arguments which could have been raised prior to the issuance of the judgment . . . [or] to argue [the] case under a novel legal theory that [he] had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.

court's August Order, Plaintiff has not exhausted his intraservice remedies because he has a pending action under Article 1150 of the Navy Regulations. (ECF No. 8 at 6.) Plaintiff admits that his action under Article 1150 has been filed and is still pending. (ECF No. 2-1 at 7; ECF No. 4 at 10; ECF No. 21 at 1-2.) Therefore, since the intraservice remedy is pending, the exhaustion requirement is not met and dismissal of Plaintiff's claim is required. *Wilt*, 62 F. App'x at 487-88.

Plaintiff contends that the Fourth Circuit recognizes an exception to the exhaustion requirement under *Dooley v. Plogar*. (ECF No. 16 at 2.) In *Dooley v. Plogar*, the Fourth Circuit held that the exhaustion of intraservice remedies was not required when "the outcome would predictably be futile." 491 F.2d 608, 614-15 (4th Cir. 1974). That case, however, was concerned with exhaustion in court-martial proceedings and is not applicable to a civil suit. *Id.* at 615. Moreover, *Dooley* was not a deployment decision, and the Fourth Circuit ultimately required the claimant to exhaust his remedies. *Id.* at 609-10. Furthermore, the Fourth Circuit has taken opportunities to affirm the test used by the court in its August Order and has not created an exception to the exhaustion requirement for an internal military decision regarding deployment. *See Downey v. U.S. Dep't of the Army*, 685 F. App'x 184, 191-92 (4th Cir. 2017) (affirming a district court's application of the *Williams* test in a civil suit); *Wilt*, 62 F. App'x at 487 (finding that exhaustion was not satisfied under the *Williams* test). It is for these reasons that the court declines to apply an exhaustion exception to the *Williams* framework,[5] and therefore, the court's prior ruling did not contain a clear error of law or manifest injustice under Rule 59(e).

---

[5] "[A] lower court generally is 'bound to carry the mandate of the upper court into execution . . . .'" *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). In addition, "[c]oherent and consistent adjudication requires respect for the principle of stare decisis and the basic rule that the decision of a federal circuit court of appeals left undisturbed by United States Supreme Court review is controlling on the lower courts within the circuit." *See Condon v. Haley*, 21 F. Supp. 3d 572, 587 (D.S.C. 2014).

## IV. CONCLUSION

After careful consideration of Plaintiff's arguments, and for the reasons set forth above, the court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 21, 2018
Columbia, South Carolina

6